## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHERRY GOLLA, individually and on behalf of all other similarly situated, | ) ) ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE: |
| vs. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant Allstate Insurance Company ("Allstate" or "Defendant") hereby removes to this Court the Ohio state court action described below:

### I.  BACKGROUND

1.     On June 17, 2023, Plaintiff Sherry Golla ("Plaintiff") filed a putative class action complaint (the "Complaint") in the Court of Common Pleas, Cuyahoga County, Ohio, styled *Sherry Golla, individually and behalf of all other similarly situated, 11135 Woodbury Lane N. Royalton, OH 44133 v. Allstate Insurance Company, 2775 Sanders Road Suite A3 Northbrook, IL 60062*, No. CV-23-981162 (Ct. Com. Pl. Cuyahoga Cnty.).  The Complaint is included in Exh. A attached hereto.

2.     The Complaint alleges that Allstate underpaid Plaintiff's total loss vehicle claim by applying a "Condition Adjustment" in calculating Plaintiff's actual cash value ("ACV") payment. (Compl., pp. 1-2.)  Plaintiff asserts four causes of action for:  breach of contract, unjust enrichment, "fraud by present intent not to perform[,]" and "fraud and fraudulent/negligent misrepresentation

and omission" on behalf of herself and the putative class.  (*Id.* at ¶¶ 32, 79-121.)  Plaintiff seeks compensatory, consequential, and general damages, including nominal damages; statutory damages and punitive damages; restitution and disgorgement; attorneys' fees, costs, and litigation expenses; and injunctive, equitable, and declaratory relief.  (*Id.* at p. 24.)

3.     The Complaint names Allstate as the sole defendant.  Allstate has not yet responded to the Complaint.

## II.   ALLSTATE HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4.     Plaintiff served the Summons and Complaint on June 29, 2023.  Therefore, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

5.     Venue is proper in this Court, because it corresponds to the district and division where this litigation was filed, *i.e.*, the Court of Common Pleas, Cuyahoga County, Ohio, is located within the Northern District of Ohio.  *See* 28 U.S.C. §§ 115(a), 1441(a); L.R. 3.8(a).

6.     Pursuant to 28 U.S.C. § 1446(a), Allstate has attached true and correct copies of all process, pleadings, and orders served upon Allstate in the state court proceeding, and a printout of the state court docket.  *See* Ex. A.

7.     In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Allstate shall give written notice to Plaintiff and to the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio of its filing of this Notice of Removal.

8.     Under 28 U.S.C. §§ 1441(a)-(b), 1446, and 1453, the Complaint is removable to this Court, because Allstate has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## III.  THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA

9.  Under the Class Action Fairness Act ("CAFA"), this Court has jurisdiction over the putative class, because:  (1) the putative class exceeds 100 members, (2) at least one member of the proposed class has a different citizenship from Allstate, (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs, and (4) the exceptions to CAFA do not apply here.  *See* 28 U.S.C. § 1332(d).

### A.  The Putative Class Size Exceeds 100

10.  Under the CAFA, the proposed class must consist of at least 100 members.  *See id.* § 1332(d)(5).

11.  Plaintiff seeks to certify the following class:

> All Ohio residents who:  1) were insured by Defendant under a motor vehicle policy providing coverage for Protection Against Loss To The Auto, or similar; 2) suffered damage to their auto determined to be a total loss, made a claim to Defendant, and Defendant made payment claimed to be the actual cash value of the vehicle; 3) the payment was in the amount of the TOTAL on a CCC One® Market Valuation Report, or less applicable deductible; or was the result of any other similar process applying a deduction not provided for in the Policy.  The class excludes any insured whose payment was made based on an appraisal; Plaintiff's counsel; officers of the court handling this matter; and employees of Defendant.  The class period is 15 years[1] before the filing of this action, and thereafter.

(Compl., ¶ 32.)  Plaintiff further alleges that the putative class consists of "hundreds of individuals in the Class" and that "joinder of all members is impracticable.  (*Id.* at ¶ 35.)  Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100.  (*See id.*; *see also* Ex. B, Bashour Decl., ¶ 5.)

---

[1] Defendant disputes that Plaintiff's alleged putative class period is valid under Ohio law.  Ohio law provides a six-year statute of limitation for breach of contract claims.  *See* Ohio Rev. Code § 2305.06 ("[A]n action upon a specialty or an agreement, contract, or promise in writing shall be brought within six years after the cause of action accrued.").

**B.    There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction**

12.    Under CAFA there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant.  *See* 28 U.S.C. § 1332(d)(2).

13.    The Complaint alleges that Allstate "is an Illinois corporation" and "its principal place of business is in Illinois."  (Compl., ¶ 2.)  Indeed, Allstate is organized under the laws of the State of Illinois, and has its principal place of business in Illinois, and is a citizen of Illinois for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1).

14.    Plaintiff alleges that she is a resident of the State of Ohio.   (Compl., ¶ 1.) Accordingly, Plaintiff is a citizen of State of Ohio for diversity purposes.

15.    Thus, CAFA's requirement of minimal diversity is satisfied here.  *See* 28 U.S.C. § 1332(d)(2)(A).

**C.    The $5 Million Amount In Controversy Requirement Is Met**

16.    CAFA also requires that the aggregate amount in controversy exceed $5 million for the entire putative class, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(d)(2).

17.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Stapleton v. Skyline Terrace Apartments*, No. 5:17-cv-02207, 2018 WL 1315151, at *3 (N.D. Ohio Mar. 14, 2018).

18.     A removing defendant may "show the jurisdictional amount in controversy … by calculation from the complaint's allegations."  *Fielder v. Penn Station, Inc.*, No. 1:12CV2166,

US_ACTIVE\124336975\V-4

2013 WL 1869618, at *2 (N.D. Ohio May 3, 2013). Moreover, a removing defendant may introduce "evidence, in the form of affidavits," to support its position that the amount of controversy exceeds the jurisdictional minimum. *Norris v. People's Credit Co.*, No. 1:12-cv-3138, 2013 WL 5442273, at *3 (N.D. Ohio Sept. 27, 2013) (quoting *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012)).

19.     Plaintiff alleges that her ACV payment for her first-party total loss vehicle claim was improperly reduced by a "Condition Adjustment" in the amount of $3,405. (Compl., ¶¶ 75-8.) Plaintiff further alleges that her claims "are typical of the claims of the proposed class." (*Id.* at ¶ 37.)

20.     As set forth more fully in the attached Declaration of Vanessa Bashour (Allstate Lead Consultant for Claims Experience Strategy and Design), there are approximately 52,371 Allstate automobile policies that were: issued in Ohio, had a first-party total loss vehicle claim with a loss date of June 17, 2017 to July 19, 2023 (*i.e.*, the longest potentially applicable six year statute of limitation), and Allstate issued an ACV payment. (*See* Ex. B., Bashour Decl., ¶ 5.)

21.     Utilizing Plaintiff's allegedly "typical" damages for her total loss vehicle claim ($3,405) and multiplying it by the approximately 52,371 putative class claims at issue renders an aggregate amount in controversy of more than $175 million. Moreover, even if other putative class members had a fraction of the "Condition Adjustment" amount purportedly applied to Plaintiff's ACV payment, the $5 million amount in controversy requirement is still readily satisfied. Indeed, if each putative class member had a "Condition Adjustment" that was only 1/10 the size of Plaintiff's, then the aggregate amount in controversy would still be over $17 million. Thus, there is "no doubt" that the "Condition Adjustment" amount applicable to first-party total

loss vehicle claims in Ohio during the past six years where Allstate made an ACV payment exceeds $5 million.

22. Accordingly, the total amount of compensatory damages exceeds CAFA's $5 million jurisdictional threshold.

### D. The Exceptions To CAFA Do Not Apply.

23. CAFA provides two mandatory exceptions to the application of federal jurisdiction, and one discretionary exception. *See* 28 U.S.C. § 1332(d)(3)-(4). All the CAFA exceptions require, as a starting point, the presence of a nondiverse in-state defendant. *See id.* (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state defendant (home state exception and discretionary exception)). Here, Allstate is *not* an in-state defendant. Rather, Allstate is a foreign insurer, as it is a citizen of the State of Illinois. (Compl. ¶ 2.) Therefore, the exceptions to CAFA are not applicable to this matter.[2]

24. Accordingly, because Allstate has demonstrated that all of the CAFA prerequisites are met and none of the exceptions apply, this matter is properly removable.

---

[2] The CAFA exceptions would also fail for a multitude of other reasons, and Allstate reserves its rights to assert all arguments enumerating why the CAFA exceptions fail on other grounds not discussed herein should Plaintiff decide to raise the CAFA exceptions in a motion to remand.

US_ACTIVE\124336975\V-4

**WHEREFORE**, Allstate respectfully requests that this Court assume full jurisdiction over this action.

Dated: July 27, 2023       Respectfully submitted,

             /s/ Gregory R. Farkas
             Gregory R. Farkas (No. 0069109)
             FRANTZ WARD LLP
             200 Public Square, Suite 3000
             Cleveland, Ohio 44114
             216-515-1660 – Telephone
             216-515-1650 – Facsimile
             gfarkas@frantzward.com

             –and–

             Mark L. Hanover (IL No. 6216201)
             (*pro hac vice to be filed*)
             Kristine M. Schanbacher (IL No. 6269469)
             (*pro hac vice to be filed*)
             DENTONS US LLP
             233 S. Wacker Drive, Suite 5900
             Chicago, Illinois 60606
             312-876-8000 – Telephone
             mark.hanover@dentons.com
             kristine.schanbacher@dentons.com

             *Attorneys for Defendant*
             *Allstate Insurance Company*

US_ACTIVE\124336975\V-4

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that, on this 27th day of July, 2023, a copy of the foregoing document

was sent to by regular U.S. Mail, postage prepaid to:

Patrick J. Perotti, Esq.
Frank A. Bartela, Esq.
DWORKEN & BERNSTEIN CO., LPA
60 South Park Place
Painesville, Ohio 44077
pperotti@dworkenlaw.com
fbartela@dworkenlaw.com

James A. DeRoche
GARSON JOHNSON LLC
2900 Detroit Avenue
Van Roy Building, 2nd Floor
Cleveland, Ohio 44113
jderoche@garson.com

Erik D. Peterson
ERIK PETERSON LAW OFFICES, PSC
110 West Vine Street, Suite 300
Lexington, Kentucky 40507
erik@eplo.law

Victor T. DiMarco
WESTON HURD LLP
1300 East 9th Street
Cleveland, Ohio 44114
vdimarco@westonhurd.com

/s/ Gregory R. Farkas
Gregory R. Farkas
200 Public Square, Suite 3000
Cleveland, OH  44114
216-515-1660 – Telephone
216-515-1650 – Facsimile
gfarkas@frantzward.com
Ohio Bar No. 0069109