IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHERRY GOLLA, individually and on Behalf of all others similarly situated,    )<br>   )<br>   ) | Case No. 1:23-cv-01469 |
|    Plaintiff,   )<br>   )<br>   ) | JUDGE DAVID A. RUIZ |
| v.   )<br>   )<br>   ) | MEMORANDUM OPINION AND ORDER |
| ALLSTATE INSURANCE COMPANY,   )<br>   )<br>   ) | |
|    Defendant.   ) | |

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss or Stay Action based on Mandatory, Binding Appraisal and Failure to State a Claim ("Motion to Dismiss"). (R. 9). Plaintiff filed an opposition (R. 15), and Defendants submitted a reply in support (R. 16). In addition, Plaintiff has filed a notice of supplemental authority (R. 21), to which Defendant has responded. (R. 22). For the reasons set forth below, the Motion to Dismiss is **granted in part** and **denied in part**. Specifically: (i) the request to compel appraisal is **granted**; (ii) Counts II, III, and IV are **dismissed**; and (iii) this action is **stayed** pending completion of the appraisal.

## II. PROCEDURAL HISTORY

Plaintiff Sherry Golla filed a class action complaint, individually and on behalf of all others similarly situated, against Defendant Allstate Insurance Company ("AIC"). Plaintiff alleges that Defendant unlawfully applied a "Condition Adjustment" to reduce the actual cash value of customer's vehicles, which in turn lowered the amount paid on insurance claims. (R. 1-1, PageID #14). Plaintiff initially filed this case in Cuyahoga County Court of Common Pleas. (R. 1-1). The Complaint asserts four causes of action: (i) Breach of Contract (Count I); (ii) Unjust Enrichment (Count II); (iii) Fraud

by Present Intent Not to Perform (Count III); and (iv) Fraud and Fraudulent/Negligent Misrepresentation and Omission (Count IV).[1] (*Id.* at PageID #29-35).

Defendant removed the action to this Court, pursuant to the Class Action Fairness Act (28 U.S.C. § 1332(d)). (R. 1). Thereafter, Defendant filed the Motion to Dismiss (R. 9), arguing that (1) Defendant invoked its contractual right to appraisal, which the policy requires as a condition precedent to suit; alternatively, the Court should stay the case until the parties complete the appraisal; (2) if the Court proceeds despite the appraisal demand, it should dismiss the Complaint because neither the policy nor Ohio law prohibits Condition Adjustments in total loss claims, and Plaintiff alleges no facts showing an underpayment; (3) the unjust enrichment claim fails because an express contract governs the parties' relationship; (4) the fraud and intentional misrepresentation claims fail because Plaintiff does not plead them with the specificity Rule 9(b) requires; and (5) Plaintiff's class definition is overly broad and asserts claims that are time-barred. (*Id.* at PageID #119-120). Plaintiff filed a brief in opposition (R. 15), and Defendant filed a reply in support of the Motion to Dismiss (R. 16). In addition, Plaintiff submitted supplemental authority to the Court (R. 18; R. 21), and Defendant has responded while also identifying recent precedents from the Northern District of Ohio (R. 19; R. 22).

### III.   FACTUAL BACKGROUND

#### A. Plaintiff's Insurance Policy and Total Loss Calculation

Plaintiff is an Ohio resident who purchased an automobile insurance policy from Allstate for a 2021 Acura RDX garaged in Ohio (the "Policy"). (R. 1-1, PageID #25, 39-60). The Policy provided coverage for a total loss of the policyholder's listed, insured vehicle. (*Id.* at ¶ 58). The Policy provides

---

[1] The complaint mistakenly labels two counts as "Count III." (See R No. 1-1, PageID #33-34). The Court will refer to Plaintiff's fourth cause of action—her claim for Fraud and Fraudulent/Negligent Misrepresentation and Omission—as Count Four.

coverage either through repair or replacement of the vehicle, or for payment of the actual cash value ("ACV") of the vehicle, minus a deductible. (*Id*. at PageID #26, ¶ 59). The Policy does not provide a definition for the term ACV and makes no reference to a "condition adjustment." (*Id*. at ¶¶ 60-61).

Plaintiff filed a claim on June 27, 2022, for damage to her insured vehicle. (*Id*. at ¶ 67; *Id.* at PageID #61). Defendant determined the damage amounted to a total loss of the covered vehicle, and that they owed Plaintiff the ACV of the vehicle at the time of loss. (*Id*. at ¶ 68).

To calculate the vehicle's ACV, Defendant used the "CCC One" system (the "CCC Program") and generated a "CCC One Market Valuation Report" (the "Market Valuation") using the CCC Program. (*Id*. at ¶ 69-70). The CCC Program calculated the ACV of Plaintiff's vehicle by averaging the value of comparable vehicles to arrive at a "base vehicle value" and then adjusting for the condition of Plaintiff's vehicle. (*Id*. at ¶ 71; *Id*. at Page ID # 61). The Market Valuation states, "that the base vehicle value" is "the weighted average of the adjusted values of the comparable vehicles based on the following factors: Source of the data (such as inspected versus advertised); Similarity (such as equipment, mileage, and year); Proximity to the loss vehicle's primary garage location; Recency of information." (*Id*. at ¶ 73; *Id*. at Page ID # 62). The Market Valuation included an additional factor to the ACV labeled as a "condition adjustment." (*Id*. at Page ID #71). The Market Valuation states that "the [c]ondition [a]djustment sets that comparable vehicle to Private Owner condition, which the loss vehicle is also compared to in the Vehicle Condition section." (*Id*. at Page ID #70).

Plaintiff alleges that this condition adjustment resulted in Defendant paying Plaintiff less than the ACV of her vehicle, in violation of the Policy. (*Id*. at ¶ 75, 77). The Market Valuation, in adjusting the value of comparable vehicles, subtracted $3,405 under the "condition adjustment" category. The Market Valuation determined the total payout for Plaintiff's vehicle to be $46,507.52, which was based on: (i) a base vehicle value of $43,318.00; (ii) an upward condition adjustment of $651.00; (iii) adding

3

$3,538.52 for vehicular tax, title, registration, and other fees; and (iv) subtracting a $1,000 deductible. (*Id*. at Page ID #61).

### B. The Policy's Appraisal Provision

The Policy provides that Allstate and Plaintiff have the right to demand an appraisal of the loss. The following language covers such appraisals under a section labeled "Right To Appraisal":

> Both you and Allstate have a right to demand an appraisal of the loss. Each will appoint and pay a qualified appraiser. Other appraisal expenses will be shared equally. The two appraisers, or a judge of a court of record, will select an umpire. Each appraiser will state the actual cash value and the amount of loss. If they disagree, they'll submit their differences to the umpire. A written agreement by any two of these three persons will determine the amount of the loss.

(*Id*. at PageID #59).

Allstate formally demanded an appraisal of Plaintiff's loss via written request on August 23, 2023, pursuant to the terms of the Policy. (R. 9-3, Page ID #186; Ex. B).

### IV. LAW AND ANALYSIS

Incorporating by reference the applicable law and reasoning set forth in *Bibbs v. Allstate Insurance Co.*, No. 1:23-CV-1968, 2024 WL 4124171 (N.D. Ohio Sept. 9, 2024), the Court finds that the same legal framework governs this case. The policy language and factual allegations align closely with those in *Bibbs*, and the legal issues presented here mirror those previously addressed. After independently reviewing the record and applicable authority, the Court adopts the reasoning in *Bibbs* and applies it to the claims at issue, as referenced herein.

### A. Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 9(b)

#### 1. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests whether the plaintiff alleges sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009).

4

Courts accept all well-pleaded factual allegations as true and construe them in the plaintiff's favor, but they do not extend this presumption to legal conclusions or mere recitations of elements. *Id*. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. Further, facts merely consistent with liability are insufficient to satisfy the pleading standard. *Iqbal*, 556 U.S. at 677-678. A complaint must include "direct or inferential allegations respecting all the material elements under some viable legal theory." *Red Zone 12, LLC v. City of Columbus*, 758 F. App'x 508, 512 (6th Cir. 2019) (citing *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)).

2. Discussion of Counts I-IV

   a. Count I – Breach of Contract

Plaintiff alleges that Allstate breached the terms of her insurance policy by underpaying her total loss claim through a "condition adjustment." (*Id*. at ¶ 75, 77). Plaintiff does not challenge adjustments made to her own vehicle based on mileage, options, or condition. (*Id*. at ¶ 6). Rather, she challenges Allstate's use of a uniform deduction applied through the CCC One valuation system to comparable vehicles—without individualized inspection or explanation—thereby reducing the average base value and lowering the total loss payment. (*Id*. at ¶ 6, 50, 71).

In *Bibbs*, the court considered a materially identical claim and denied the motion to dismiss, finding that the plaintiff plausibly alleged a breach of contract by asserting that Allstate's use of a uniform condition adjustment resulted in payment below market value. *Bibbs,* 2024 WL 4124171, at *5. There, Judge Fleming emphasized that while the policy required payment of ACV, the plaintiff sufficiently alleged that the method used failed to produce that value and that it was not possible to

5

determine how Allstate arrived at the condition adjustment because there is no specific data or sufficient explanation regarding the amount of the reduction. *Id.* The same reasoning applies here.

Construing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has plausibly alleged that Allstate breached the Policy by failing to pay the vehicle's actual cash value, as required. Accordingly, the Court denies Defendant's motion to dismiss Count I.

### b. Count II – Unjust Enrichment

Plaintiff brings an alternative claim for unjust enrichment, alleging that Allstate wrongfully withheld amounts owed under the Policy. (R. 1-1, PageID #32). Under Ohio law, a plaintiff cannot recover on an unjust enrichment theory where an express contract governs the same subject matter unless the complaint plausibly alleges fraud, bad faith, or some illegality during the contract's formation. *See Bibbs,* 2024 WL 4124171, at *6 (citing *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 904 (S.D. Ohio 2013)).

Here, Plaintiff does not dispute the existence or enforceability of the Policy, which governs total loss payments and valuation. Nor does the Complaint allege fraud, bad faith, or illegality in the formation of that contract. Although Plaintiff asserts that Allstate failed to disclose its use of condition adjustments and thereby underpaid her total loss claim, those allegations relate to the performance of the contract—not its formation. (See R. 1-1, ¶¶ 75–77, PageID #61, 71). The Complaint contains no allegations that Allstate entered the Policy with intent not to perform or withheld material terms during contract negotiation.

Moreover, Plaintiff has not sufficiently alleged the required elements of unjust enrichment. As in *Bibbs*, the Complaint focuses solely on Allstate's use of the CCC Program and the resulting underpayment, not on Plaintiff conferring a benefit that Defendant unjustly retained. Accordingly, the Court incorporates the reasoning in *Bibbs* and dismissed Count II for failure to state a claim.

### c. Count III – Fraud by Present Intent Not to Perform

Plaintiff asserts a claim for "Fraud by Present Intent Not to Perform," alleging that Allstate entered into the Policy with the intent not to pay the full actual cash value of the vehicle. (R. 1-1, ¶ 105). Under Ohio law, this theory is commonly treated as either promissory fraud or fraudulent inducement. *King v. Hertz Corp.,* 1:09 cv 2674, 2011 WL 1297266, at *6 (N.D. Ohio Mar. 31, 2011). Promissory fraud requires a plaintiff to allege that the defendant made a promise with no present intention to perform, while fraudulent inducement involves a misrepresentation of material fact outside the contract that induces a party to enter the agreement. *Williams v. Edwards*, 129 Ohio App. 3d 116, 125 (Ohio Ct. App. 1998); *Captiva, Inc. v. Viz Commc'ns, Inc.*, 85 F. App'x 501, 505 (6th Cir. 2004). Both claims must satisfy the heightened pleading standard of Rule 9(b). *See Bibbs* 2024 WL 4124171, at *9-11.

In *Bibbs*, the court dismissed the plaintiff's fraud claim where the allegations focused solely on representations in the insurance policy itself (i.e., the ACV calculation method) and failed to identify any outside misrepresentation, justifiable reliance, or damages distinct from the underlying breach of contract. *Id*. The same deficiencies exist here.

Plaintiff alleges that Allstate failed to disclose its intention to apply a "condition adjustment" through the CCC Program and thereby underpaid her total loss claim. (R. 1-1, ¶¶ 74, 77). But the Complaint contains no allegation that Allstate made a false statement or concealed material facts outside the four corners of the Policy, nor does it plead that Plaintiff relied on any such misrepresentation when purchasing the Policy. (*Id.* at ¶ 106) (alleging intent not to perform but not reliance). The Complaint likewise fails to allege damages separate from those recoverable under the breach of contract claim. These allegations are insufficient to support a fraud claim.

Plaintiff has not met Rule 9(b)'s heightened pleading standard, nor has Plaintiff alleged facts sufficient to state a plausible claim for either promissory fraud or fraudulent inducement. Accordingly,

the Court dismisses Count III for failure to state a claim.

### d. Count IV – Fraud and Fraudulent/Negligent Misrepresentation and Omission

To the extent Plaintiff asserts negligent misrepresentation, the claim fails because Ohio law requires an affirmative false statement by a defendant in the business of supplying information. *Martin v. Ohio State Univ. Found.*, 139 Ohio App. 3d 89, 103 (Ohio Ct. App. 2000). Plaintiff alleges omissions, not affirmative misstatements, and does not plead a special relationship or informational role.

Plaintiff also fails to state a claim for fraudulent misrepresentation or omission, which requires a misrepresentation independent of the contract, justifiable reliance, and distinct injury. *Ross v. PennyMac Loan Servs. LLC*, 761 F. App'x 491, 493 (6th Cir. 2019); *Davis Diamond Galerie, Inc. v. Silverman Jewelers Consultants, Inc.*, 106 F. App'x 341, 342 (6th Cir. 2004). Plaintiff bases her claim entirely on contractual obligations and performance under the Policy without identifying any misstatement outside of the agreement. As in *Bibbs*, 2024 WL 4124171, at *7-8, this theory duplicates the breach of contract claim and cannot proceed separately in tort.

Accordingly, the Court incorporates the reasoning in *Bibbs* and dismisses Count IV.

### 3. Time-Barred Class Claims

Although Defendant notes "the court need not dwell on putative class claims in the current posture," it moves the Court to dismiss or strike Plaintiff's putative class claims prior to June 17, 2017, based on its assertion that such claim pre-date the earliest applicable statute of limitations period. R. 9-1, PageID# 123, 137-38. First, it is not clear whether Defendant moves the Court to strike the class allegations or dismiss specific putative class claims as time barred. In any event, the Court finds it premature to address this argument as no class certification briefing has been occurred, and such argument are better addressed on a more developed full record. Therefore, this portion of the Motion to Dismiss is denied without prejudice.

### B. Motion to Compel Appraisal

Initially, as to compelling appraisal, the Court agrees with the analysis in *Bibbs*, where the same policy language and appraisal clause were at issue. *See Bibbs,* 2024 WL 4124171, at *12. That decision's analysis is incorporated by reference.

Plaintiff argues that appraisal is unnecessary because Allstate already valued the vehicle and because it frames the case as primarily involving the legality of the condition adjustment. But a fundamental factual question in this case, as in *Bibbs*, is whether Plaintiff received less than the ACV she is owed under the Policy. That is a factual dispute about value, and it falls squarely within the scope of the above-referenced appraisal clause. *See, e.g., Enger v. Allstate Ins. Co.,* 407 F. App'x 191, 193 (9th Cir. 2010).

The recent unpublished Sixth Circuit decision in *Perkins v. GEICO Casualty Co.*, Nos. 24-3803/3959 (6th Cir. June 23, 2025), which Plaintiff identified as supplemental authority (R. 21), does not produce a different conclusion. *Perkins* involved an interlocutory appeal from the district court's denial of a motion by GEICO to compel appraisal in yet another similar case arising in this District. The District Judge in a non-document minute order, issued in *Perkins* on August 16, 2024, denied GEICO's motion for an appraisal. *Perkins v. GEICO Casualty Ins. Company, et al.*, Case No. 1:24-cv-00736. GEICO appealed. *Id.*, R. 26.

The Sixth Circuit, in the non-published *Perkins* decision, initially confronted the question of whether it had authority to entertain what would otherwise be a non-final order. *Perkins*, Nos. 24-3803/3959, Page ID#: 484. To that end, it examined whether the appraisal in *Perkins* fit the arbitration exception to the final-order rule, which, in turn, required the Sixth Circuit to determine "how closely [the appraisal clause in *Perkins*] resembles classic arbitration." *Id.*, citing and quoting *Evanston Ins. Co. v. Cogswell Properties, LLC,* 683 F.3d 684, 693 (6th Cir. 2012). After finding that "classic arbitration," as

9

understood by *Evanston*, requires that the arbitration produce a "final, binding remedy" for the parties' dispute, *Perkins* concluded that the appraisal in this case would not produce a final, binding remedy because it would leave unresolved the dispute over whether the insurer's use of a condition adjustment was legal in establishing value. *Perkins*, Nos. 24-3803/3959, Page ID#: 485. Thus, the Sixth Circuit concluded it lacked jurisdiction over the interlocutory appeal, and it dismissed GEICO's appeal. *Id.*, Page ID#: 487.

The Sixth Circuit decision in *Perkins* was also submitted to Judge Fleming in *Bibbs*, as support for a motion to reconsider the Court's decision to compel appraisal in that case. *Bibbs v. Allstate Insurance Company*, Case No. 1:23cv-1968, R. 17. In his order denying that motion, Judge Fleming analyzed and distinguished the Sixth Circuit's unpublished order in *Perkins*, finding that it did not constitute an intervening change of controlling law such as would warrant reconsideration. *Id.*, R. 20.

Specifically, in addition to noting the lack of precedential value of a non-published order, he further noted that, in accord with the case authority previously cited (and adopted here by reference), the appraisal is mandatory as set forth in the parties' agreement. *Id.*, Page ID#: 389 (citing cases). This is a separate issue from whether it sufficiently resembles "classic arbitration" and so would permit invoking the arbitration exception to allow appellate jurisdiction over a non-final order. Moreover, it must also be noted that it is by no means assured that an appraisal here would not be a final, binding remedy for the parties' dispute. If, for example, the appraisal produces a valuation in accord with Plaintiff's position and Allstate then makes the appropriate payment, then that may moot the contested question of methodology and this lawsuit.

In sum, the above-referenced appraisal provision is clear and enforceable under Ohio law. *See Westview Vill. v. State Farm Fire & Cas. Co.*, 2022 WL 3584263, at *2 (N.D. Ohio Aug. 22, 2022). Courts are not free to rewrite, narrow or ignore unambiguous policy terms. Where the contract provides

10

for appraisal, the Court must enforce it. Accordingly, the Court **GRANTS** Defendant's motion to compel appraisal and **STAYS** this matter pending completion of that process.

## V. CONCLUSION

As noted above, analogous issues involving the same policy language, legal theories, and procedural posture arose in *Bibbs*, where Judge Fleming addressed and resolved them in a well-reasoned opinion and in the decision denying the motion for reconsideration. The undersigned has considered the parties' filings and pertinent jurisprudence. For the reasons set forth herein, the Court rules on Defendant's multi-part Motion (R. 9) as follows:

the motion to dismiss Count I is Denied;

the motion to dismiss Counts II, III, and IV is Granted; and

the motion to stay is Granted.

The Court does not prejudge the merits of the remaining Count I's breach of contract nor legality of the contested deduction, but finds the Policy requires the parties to complete the appraisal process before further litigation. Because that process remains incomplete, the matter is stayed pending the outcome of that process. The parties shall promptly notify the Court upon completion of the appraisal process.

IT IS SO ORDERED.

Date: September 29, 2025   /s/*David A. Ruiz*
David A. Ruiz
United States District Judge

11